**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOVONNE BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-10-844-C |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| ADVANCED CREDIT RECOVERY, | ) | |
| INC. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiff, JOVONNE BURRIS ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Oklahoma, County of Tulsa, and City of Broken Arrow.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ADVANCED CREDIT RECOVERY, INC. ("Defendant") or ("ACR") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant made initial contact with Plaintiff on or about May 3, 2010 (via its authorized agent and/or employee Dan Copeland), at which time Defendant failed to provide Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g.

12.  Defendant further failed to provide Plaintiff with such notices in writing within five (5) days of said initial contact.

13.  Defendant, in its initial communication with Plaintiff on or about May 3, 2010, accused Plaintiff of having committed a crime (namely, financial account fraud), and threatened Plaintiff with criminal prosecution.

14.  These threats, having been made during the initial thirty-day dispute period, overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a).

15.  Defendant left Plaintiff voicemail messages on her cellular telephone, including, but not limited to, the following dates and times: June 4, 2010 @ 10:08 A.M., June 7, 2010 @ 7:03 P.M. and June 7, 2010 @ 8:42 P.M.

16.  In each such instance, Defendant failed to disclose both its true corporate identity and the identity of the individual called.

17.  Furthermore, in each such instance, Defendant failed to notify Plaintiff that such communication was from a debt collector.

18.  Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

19.  Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a

creditor other than Defendant.

20. Defendant, at such times as indicated above, placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial and/or prerecorded voice.

21. On or about June 23, 2010, Defendant's collector made at least one (1) telephone call to Plaintiff's mother and disclosed to her the fact that Plaintiff owed an alleged debt.

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

24. Defendant failed to disclose the caller's individual identity in a telephone call to Plaintiff in violation of § 1692d(6);

25. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT II**

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

27. Defendant failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff in violation of § 1692d(6);

28. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

30. Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector in violation of § 1692e(11);

31. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

33. Defendant falsely represented or implied that Plaintiff had committed a

crime or other conduct, in order to disgrace Plaintiff in violation of § 1692e(7);

34. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

36. Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or within 5 days thereof in violation of § 1692g(a);

37. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

39. Defendant overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period in violation of § 1692g(b);

40. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

42. In connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted a third party for purposes other than obtaining location information in violation of § 1692b and 1692c(b);

43. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b and 1692 c(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

Case 5:10-cv-00844-C   Document 1   Filed 08/05/10   Page 10 of 11

45. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff in violation of § 1692b(2) and 1692c(b);

46. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2) and 1692 c(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 2nd day of August, 2010

By: s/Alex D. Weisberg
Alex D. Weisberg
WEISBERG & MEYERS, LLC
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963facsimile
AWeisberg@AttorneysForConsumers.com
Attorney for Plaintiff